Tonin JAKAJ, et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 08–0997–ag.

United States Court of Appeals, Second Circuit.

Oct. 16, 2008.

Visuvanathan Rudrakumaran, New York, N.Y., for Petitioners.

Gregory G. Katsas, Asst. Atty. General, Carl H. McIntyre, Jr., Asst. Director, John J.W. Inkeles, Trial Atty., Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioners Tonin Jakaj, Mrika Jakaj, Rikardo Jakaj, and Fabjan Jakaj, natives and citizens of Albania, seek review of a February 4, 2008 order of the BIA denying their motion to reopen their removal proceedings. *In re Tonin Jakaj, Fabjan Jakaj, Mrika Filip Jakaj, Rikardo Jakaj,* Nos. A 70 578 930, A 73 673 757, A 73 595 704, A 73 595 702 (B.I.A. Feb. 4, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *See Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).

■ The BIA properly denied the Jakajs' motion to reopen as untimely and number barred, where it was filed more than two years after their 2005 final order of removal and was their second motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2) (providing that an applicant may only file one motion to reopen and it must be filed within ninety days of the final administrative decision). Moreover, the BIA did not abuse its discretion in finding that the Jakajs failed to present material evidence of changed country conditions sufficient to satisfy the exception to the time and numerical bar. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *INS v. Abudu,* 485 U.S. 94, 104–105, 108 S.Ct. 904, 99 L.Ed.2d 90

(1988). The documents that the Jakajs submitted provide, at most, anecdotal evidence that violence against women and human trafficking occur in Albania. Such evidence does not demonstrate changed country conditions sufficient to warrant reopening their proceedings. Accordingly, the BIA properly denied their motion to reopen.

■■■■ We also need not disturb the agency's decision not to consider the asylum application Mrika Jakaj filed with the motion to reopen. The filing of a motion to reopen is a prerequisite to the BIA's adjudication of any application for relief made after the alien has been ordered removed. *See Matter of C–W–L–*, 24 I. & N. Dec. 346, 350, 354 (BIA 2007)("Neither the Board nor the Immigration Judge has jurisdiction to consider a new asylum claim in proceedings that are administratively final and where the standards for reopening are not satisfied."); *Yuen Jin v. Mukasey*, 538 F.3d 143, 153 (2d Cir.2008) (holding that an applicant filing a successive application must show changed country conditions if the application is filed after the entry of a final order of removal and beyond the 90–day deadline for a motion to reopen). Thus, under 8 U.S.C. § 1229a(c)(7)(C)(ii), she would have had to demonstrate changed country conditions in order to have that application considered. Finally, to the extent the Jakajs challenge the BIA's refusal to reopen their proceedings *sua sponte*, we lack jurisdiction to consider their arguments. *See Azmond Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).